UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:

LOWINDA G. CARTER,   No. 7-14-10308 TS

    Debtor.

ALEJANDRA BARRAZO,

    Plaintiff,

v.   Adv. No. 14-01056 T

LOWINDA G. CARTER,
dba WINDS OF CHOICE CHIROPRACTIC CENTER,
aka WINDY CARTER,

    Defendant.

## MEMORANDUM OPINION

Plaintiff initiated this adversary proceeding by filing a Motion to Declare Certain Debts Nondischargeable Pursuant to 11 U.S.C. § 523 (the "Motion"). Due to procedural defects, including filing a motion rather than a complaint and failing to serve Defendant's counsel, Defendant has asked the Court to dismiss the proceeding. For the reasons set forth herein, the request will be denied but Plaintiff will be required to file an amended complaint.

I.    FACTS[1]

Defendant filed this Chapter 7 bankruptcy case on February 4, 2014. The same day, a "Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines" was mailed to all

---

[1] These facts come from the case docket, of which the Court takes judicial notice. *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (holding that a court may, sua sponte, take judicial notice of its docket); *In re Mailman Steam Carpet Cleaning Corp.,* 196 F.3d 1, 8 (1st Cir. 1999) (citing Fed.R.Evid. 201 and concluding that "[t]he bankruptcy court appropriately took judicial notice of its own docket"); *In re Quade,* 496 B.R. 520, 524 (Bankr. N.D. Ill. 2013), affirmed, 498 B.R. 852 (N.D. Ill. 2013) (a "bankruptcy court [is authorized] ... to take judicial notice of its own docket").

listed creditors, including Plaintiff. The notice stated that the § 341 meeting was set for March 5, 2014. The notice also stated:

**Deadlines:**
Papers must be *received* by the bankruptcy clerk's office by the following deadlines:
**Deadline to Object to Debtor's Discharge or to Challenge Dischargeability of Certain Debts: 5/5/14** . . . .

On the back of the notice the following appears:

> Discharge of Debts    The debtor is seeking a discharge of most debts, which may include your debt. A discharge means that you may never try to collect the debt from the debtor. If you believe that the debtor is not entitled to receive a discharge under Bankruptcy Code § 727(a) *or* that a debt owed to you is not dischargeable under Bankruptcy Code § 523(a)(2), (4), or (6), you must file a complaint ‑‑ or a motion if you assert the discharge should be denied under § 727(a)(8) or (a)(9) ‑‑ in the bankruptcy clerk's office by the "Deadline to Object to Debtor's Discharge or to Challenge the Dischargeability of Certain Debts" listed on the front of this form. The bankruptcy clerk's office must receive the complaint or motion and any required filing fee by that deadline.

Plaintiff filed the Motion on May 5, 2014 in the main bankruptcy case (case no. 14-10308). Plaintiff gave notice of the deadline to object to the Motion to Defendant's counsel using the Court's electronic filing system. The Motion is not styled as a complaint. The Bankruptcy Court Clerk's office nevertheless treated it as such and opened the above-captioned adversary proceeding.[2] Plaintiff paid the adversary filing fee on May 6, 2014.

The Motion plainly asserts that Defendant's debt to Plaintiff is nondischargeable under 11 U.S.C. § 523(a)(6). Attached to the Motion are documents from state court and a state administrative tribunal, which purportedly form the basis of the nondischargeable judgment.

---

[2] Though it was "entered" on the electronic docket on May 6, 2014, the Clerk's Office commenced the adversary proceeding as of May 5, 2014, the date the Motion was submitted to the Court.

Defendant seeks to dismiss the proceeding, arguing that the Motion is untimely, is not a proper complaint, and was not properly served.[3]

II. DISCUSSION

A. Requirements for Filing a Nondischargeability Objection.

Section 523(a)(6) excepts from the general Chapter 7 discharge any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." Such debts are not automatically discharged, however; a creditor must request a determination of dischargeability. Section 523(c)(1) provides:

> . . . the debtor shall be discharged from a debt of a kind specified in paragraph (2)(4) of (6) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), or (6), as the case may be, of subsection (a) of this section.

The "Revision Notes and Legislative Reports" (1978 Acts) for § 523(c) states:

> Subsection (c) requires a creditor who is owed a debt that may be excepted from discharge under paragraph (2), (4), or (6) (false statements, embezzlement or larceny, or willful and malicious injury) to initiate proceedings in the bankruptcy court for an exception to discharge. If the creditor does not act, the debt is discharged. This provision does not change current law.

A creditor objecting to the dischargeability of a debt under 11 U.S.C. § 523(c) must file an adversary complaint. Fed.R.Bankr.P. 7001 ("[A] proceeding to determine the dischargeability of a debt" is an adversary proceeding.); Fed.R.Bankr.P. 4007(a) (A "creditor may file a complaint to obtain a determination of the dischargeability of any debt."). Such a complaint must be filed "no later than 60 days after the first date set for the meeting of creditors under § 341(a)." Fed.R.Bankr.P. 4007(c).

---

[3] Defendant does not seek dismissal pursuant to any particular subsection of Fed.R.Civ.P. 12; it appears that the motion to dismiss is predicated upon 12(b)(5) (insufficient service of process) and perhaps 12(b)(6) (failure to state a claim upon which relief can be granted).

The first meeting of creditors was set for March 5, 2014. Applying the statute and rules, the deadline in this case to object to dischargeability was May 5, 2014.

B. The Motion is Sufficient in this Case.

Plaintiff filed her Motion on May 5, 2014, on the last permitted day to object to dischargeability. The Motion was used to commence the adversary proceeding as of the same date. The primary issue is therefore whether Plaintiff sufficiently objected to dischargeability for purposes of § 523(c) and the Bankruptcy Rules, given the procedural defects.

Defendant contends the adversary proceeding should be dismissed because the Motion does not comply with the Bankruptcy Rules cited above or the requirements for a well-pleaded complaint.[4] Courts have generally analyzed such deficient filings using one of two theories: substantial compliance and relation back.

1. Substantial Compliance.

Numerous courts addressing this very issue - where an objection to dischargeability is timely filed as a motion - have examined whether the creditor "substantially complied" with the Bankruptcy Code and Rules. In those cases, courts generally looked to whether the defective filing gave timely notice of: "[1] the fact that the creditors objected to the discharge[;] and [2] the basis on which the objection was made." *In re Sherf,* 135 B.R. 810, 814 (Bankr. S.D. Tex. 1991). *See also In re Dominguez,* 51 F.3d 1502, 1509 (9th Cir. 1995) (finding "technical details insufficient to prevent a party's deficient pleading from serving as a complaint" where the debtor "received timely notice that the [creditors] were contesting his right to discharge under section 1141(d)(3)"); *In re Pace,* 130 B.R. 338, 339 (Bankr. N.D. Fla. 1991) (concluding that the clerk's

---

[4] *See, e.g.,* Fed.R.Civ.P. 8 (Complaint must contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that plaintiff is entitled to relief, and a demand for judgment.). Among other deficiencies, the Motion is called a motion, does not have a proper caption, contains no allegations about the Court's jurisdiction, and has no numbered paragraphs, making it difficult for Defendant to properly respond.

-4-

office properly opened an adversary proceeding using an "Objection to the Discharge" filed in the main case where it was clear that the document was a defectively filed complaint under § 727).[5]

2. Relation Back.

Courts have also allowed creditors to amend their timely (but defective) filing to conform to Rules 4007 and 7001, provided the amended complaint "relates back" to the original filing.[6] In *In re Little*, 220 B.R. 13 (Bankr. D.N.J. 1998), for example, a creditor filed a "Objection to Discharge" in a main bankruptcy case. The objection, filed within the deadline, did not conform to the pleading requirements and did not commence an adversary proceeding. The creditor sought to amend the objection to conform to the pleading rules; the debtor moved to dismiss. The court noted that the debtor's argument had some merit, but denied the motion, stating:

> [T]his court believes that such an approach is inequitable where, as in the instant case, the pleading provides sufficient facts and reference to statutory section to put the debtor on notice of the nature of the creditor's objection . . . [I]t would be inequitable and unjust to dismiss at the outset what may be a meritorious objection simply because it is stylistically imperfect.

---

[5] *See also In re Rutherford*, 427 B.R. 656, 660-662 (Bankr. S.D. Ohio 2010) (allowing the bankruptcy case to be reopened so that creditor's deficient nondischargeability complaint could be properly filed as an adversary proceeding); *In re Cietek,* 390 B.R. 773, 777 (Bankr. N.D.N.Y. 2008) (declining to "penalize the [p]laintiff for filing the complaint in the wrong place" and deeming timely a complaint filed in the main case); *In re Dunaway,* 346 B.R. 449, 455 (Bankr. N.D. Ohio 2006) (nondischargeability complaint improperly filed in the main case was deemed timely); *Markowski v. Futrell (In re Futrell),* 69 B.R. 378, 380-381 (Bankr. W.D. La. 1987) (court denied motion to dismiss adversary proceeding, even though it was commenced by an "objection to discharge" rather than a complaint); *City Bank & Trust Co. v. King (In re King),* 35 B.R. 471, 475 (Bankr. N.D. Ill. 1983) (same); *In re Calinoiu,* 431 B.R. 121, 123-125 (Bankr. W.D. Pa. 2010) (treating complaint filed in main case as timely).

[6] Rule 15(c)(2) provides that an amendment "relates back to the date of the original pleading" if the claims in the amended pleading "arose out of the conduct, transaction, or occurrence set forth ... in the original pleading." Thus, the test for relation back is whether "the original pleading gives fair notice of the general fact situation out of which the claim or defense arises...." *Columbia State Bank, N.A. v. Daviscourt (In re Daviscourt)*, 353 B.R. 674, 683 (10th Cir. BAP 2006) (citation omitted). *See also Patton v. Guyer*, 443 F.2d 79, 87 (10th Cir. 1971) (allowing an amendment to relate back to the date of filing the complaint where amended claim arises out of the same transaction or nucleus described originally).

-5-

220 B.R. at 17. *See also Ainsworth v. Corley (In re Corley)*, 2007 WL 2790674, at *3 (Bankr. D.N.M. 2007) (finding that an amended complaint related back to a timely filed "Notice of Objection to Dischargeability of Debt"); *Sherf*, 135 B.R. at 814 (complaint filed after the deadline to object to dischargeability related back to timely filed "objection" lodged in the main case).

While Plaintiff has not filed a motion to amend her complaint or a proposed amended complaint, she has indicated a willingness to do so if the Court deems it necessary.

        3.       <u>Application</u>.

This Court agrees with the approach of the above-cited cases and finds that this adversary proceeding should not be dismissed. The Motion was improperly filed as an objection in the main case, but is reasonably detailed and clearly put Defendant on notice of the factual and statutory basis for Plaintiff's claims. It gives Defendant fair notice that Plaintiff objects to dischargeability under § 523(a)(6) and alleges that the debt arose from willful and malicious injury. Further, Defendant cannot claim to have been surprised by Plaintiff's claims, as the allegations in the Motion are based on the same conduct litigated in state court and the administrative tribunal. The policies behind the Bankruptcy Code are better served by allowing the Motion to function as a complaint and giving Plaintiff the opportunity to cures her procedural shortcomings.

This result is supported by the language of § 523(c), which does not require the filing of a complaint, and can easily be read to state or imply that nondischargeability disputes should be handled by a "request" filed in the bankruptcy case. That subsection states:

> . . . the debtor shall be discharged from a debt of a kind specified in paragraph (2)(4) of (6) of subsection (a) of this section, unless, *on request* of the creditor to whom such debt is owed, *and after notice and a hearing*, the court determines

-6-

Case 14-01056-t    Doc 13    Filed 08/29/14    Entered 08/29/14 17:52:31 Page 6 of 10

such debt to be excepted from discharge under paragraph (2), (4), or (6), as the case may be, of subsection (a) of this section.

(emphasis added).

This language seems to require creditors to file motions, not adversary complaints. Notices and hearings are required for motions filed in a bankruptcy case, while complaints and trials are required for adversary proceedings. Further, the Supreme Court recently noted (presumably after reading § 523(c) in insolation), that "the debts listed in § 523(c), which include certain debts obtained by fraud or 'willful and malicious injury by the debtor,' § 523(a)(6), are presumptively dischargeable 'unless' the creditor *requests a hearing* to determine the debt's dischargeability." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 277 n. 13 (2010) (emphasis added).

The Bankruptcy Rules, on the other hand, clearly require that such disputes be brought by adversary proceeding. The general rule is that if the bankruptcy rules conflict with the Bankruptcy Code, the Code controls. *See e.g. In re Stoecker,* 179 F.3d 546, 552 (7th Cir 1999), affirmed, 530 U.S. 15 (2000) ("[I]n a conflict between the Code and the rules, the Code controls."); *Morse v. Perrotta (In re Perrotta),* 406 B.R. 1, 8 (Bankr. D.N.H. 2009) (same). Given the potential uncertainty raised by the tension between § 523(c) and the Bankruptcy Rules, the Court believes it should not penalize creditors too harshly for proceeding by motion rather than complaint.

C. Timeliness of the Filing Fee.

Next, Defendant argues that even if the Motion is construed as a complaint, the adversary proceeding was not commenced within the applicable deadline because Plaintiff paid the filing fee on May 6, 2014 – one day late. This argument is not well taken. In ruling on the timeliness of § 523(c) filings, courts regularly excuse creditors for paying the adversary filing fee after the filing date. *See, e.g., In re Rutherford,* 427 B.R. 656, 661 (Bankr. S.D. Ohio 2010) (bankruptcy

-7-

Case 14-01056-t    Doc 13    Filed 08/29/14    Entered 08/29/14 17:52:31 Page 7 of 10

courts have discretion to deem an objection to dischargeability filed in the main case, without the required fee, as timely and sufficient); *Sherf*, 135 B.R. at 816 (construing an objection to discharge as timely even though no filing fee accompanied the complaint); *In re Whitfield*, 41 B.R. 734 (Bankr. W.D. Ark. 1984) (same).

While the Court has the ability to refuse to open (or even dismiss) an adversary proceeding for failing to pay the fee on the filing date, it is not required to do so. As one court pointed out, the federal electronic filing procedures "impose a consequence for failure to pay the fee at the time of filing, and the consequence - 'locking out' the filing attorney - does not include deeming the document to be unfiled." *Rutherford,* 427 B.R. at 661. *See also* United States Bankruptcy Court, District of New Mexico, Electronic Filing Procedure 4.3. The Court concludes that the adversary proceeding should not be dismissed because Plaintiff paid the filing fee on May 6, 2014.

D.  Service of the Motion.

Defendant also seeks dismissal based on Plaintiff's failure to effect service. Fed.R.Bankr.P. 7004 governs service of process in adversary proceedings. Fed.R.Bankr.P. 7004(g) states: "If the debtor is represented by an attorney, whenever service is made upon the debtor under this Rule, service shall also be made upon the debtor's attorney by any means authorized under Rule 5(b) Fed.R.Civ.P." Thus, "proper service must be made by serving the Debtor and the attorney, both, not just either one." *Fryslie v. Johannsen (In re Johannsen)*, 82 B.R. 547, 548 (Bankr. D. Mont. 1988). *See also Alpha Omega Travel, Ltd. v. Terzian (In re Terzian)*, 75 B.R. 923, 925 (Bankr. S.D.N.Y. 1987) (noting that the complaint was not "duly served[,]" and [the Debtor] had no obligation to respond … ," where it was not served on his attorney).

Rule 7004(g)'s requirement must be balanced with the constitutional limits of due process. As one court has stated:

> In general, provided that a defendant has had actual service reasonably calculated to give him actual notice of the proceedings, due process has been met. Furthermore, in making a determination as to whether service of process is defective, the Court must keep in mind that the standards for service on individuals and corporations are to be liberally construed to further the purpose of finding personal jurisdiction in cases in which the party has received actual notice.

*Wallace v. Shapiro (In re Shapiro)*, 265 B.R. 373, 378 (Bankr. E.D.N.Y. 2001).

Here, there is no dispute Defendant was served with the Motion and summons; service on her counsel is less clear. The record shows that Defendant's counsel received electronically the Motion and a "Notice of Deadline for Filing Objections." It does not appear Defendant's counsel was served with the summons, although the Court suspects counsel reviewed the summons because he attended the scheduling conference set forth therein.[7]

The Tenth Circuit has held that "when a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant." *Pell v. Azar But Co., Inc.*, 711 F.2d 949, 950 n. 2 (10th Cir. 1983) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1354, at 586–87 (1969)). Defendant has suffered no prejudice because of any service defects. Defendant and her counsel received actual notice that Plaintiff intended to pursue her claims in this Court on or about the deadline to object to dischargeability. Further, it is likely that proper service can and will be instituted. Under these circumstances, the defects in service are not sufficient to require dismissal of the adversary proceeding.

---

[7] No summons is required for contested matters. Given the tension between § 523(c) and the Bankruptcy Rules discussed above, the service deficiencies of the summons should perhaps be forgiven.

-9-

Case 14-01056-t    Doc 13    Filed 08/29/14    Entered 08/29/14 17:52:31 Page 9 of 10

E.     The Motion Should be Amended and Re-served as a Complaint.

Given the clarity of Plaintiff's § 523(a)(6) claim, the Court will require Plaintiff to file an amended complaint that complies with the general rules of pleading in federal court within 14 days of entry of this opinion.  If the allegations in the amended complaint arise out of the same transaction or occurrences set forth in the Motion, it will relate back to May 5, 2014 for filing deadline purposes.  The amended complaint must be served in accordance with Rule 7004.  No alias summons need be issued or served.

III.     CONCLUSION

Plaintiff's procedural efforts fell short in this matter.  Nonetheless, because the Motion asserts a colorable claim of nondischargeability under 11 U.S.C. § 523(a)(6) and Defendant was put on notice by the applicable deadline, the Court will require Plaintiff to file an amended complaint and will deny Defendant's motion to dismiss.  The Court will enter an order consistent with this opinion.

_____
Hon. David T. Thuma
United States Bankruptcy Judge

Entered:  August 29, 2014.

Copies to:

William H. Ivry
P.O. Box 263
Santa Fe, NM 87504-0263

William Garth Gilchrist, IV
124 Wellesley Drive SE
Albuquerque, NM 87106